11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Joe Perez, Jr.

Appellant

Vs.                   No.
11-02-00120-CR -- Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury
convicted Joe Perez, Jr. of the offense of possession Awith intent to deliver@ methamphetamine and assessed his punishment
at confinement for 60 years and a fine of $1,000.  We affirm.

                                                                  Issue
Presented

Appellant
presents a single issue for appellate review. 
He argues that there was insufficient evidence to prove that he
possessed the controlled substance Awith intent to deliver.@  

                                              Circumstantial
Evidence of Intent to Deliver

The trial
court had a discussion outside the hearing of the jury in connection with
appellant=s motion in limine.  That motion sought to exclude testimony during the first phase of
trial about two other sales of methamphetamine by appellant.  This case involves the offense of possessing
Awith intent to deliver@ methamphetamine on September 18, 2001.  One of the prosecutors told the trial court
that the State would seek to put into evidence proof of constructive deliveries
by appellant of methamphetamine on June 29, 2000, and January 1, 2001.  The State=s position was that proof of those two deliveries was Arelevant to issues other than character,@ citing a case[1]
which noted that Aevidence
of prior drug dealings is highly probative with intent to the distribution of
the controlled substance.@   








Appellant=s attorney responded that the State would
have professional opinion proof by the police officers that the amount of drugs
possessed by appellant showed that he possessed the methamphetamine Awith the intent to deliver.@ 
Appellant=s attorney then argued that the extraneous
offenses were cumulative and that the probative value of this evidence would be
Adiminished because that evidence is already
in front of the jury.@  

The trial
court then told the attorneys that it was going to defer its ruling until it
heard some of the State=s evidence and Athen make the balancing test.@  The court told the State not
to mention those two extraneous matters in the presence of the jury until it
made its ruling. 

The State=s first witness was Deputy Sheriff Tommy
Martin who had been assigned to the Cross Timbers Narcotics Task Force.  Deputy Martin testified that he was present
when appellant was arrested on September 18 at appellant=s residence in Mineral Wells.  Deputy Martin was the one who did a Apat down@ search of appellant and found the contraband in appellant=s pocket. 
Deputy Martin said that appellant had a small, clear plastic bag which
contained Aan off-white rocky, crumbly substance.@ 
Deputy Martin proved up his end of the chain of custody on the
contraband.  He also identified
appellant as the man who was arrested.  Deputy
Martin also identified a photograph which he took at appellant=s residence showing the Asurveillance camera@ which was mounted at the peak of the
roof.  

The State=s second witness was Sarah Boetz who is
employed by the Task Force to take in the evidence and keep it safe and secure
until needed for court or destruction.

The State=s third witness was Michelle O=Neal who is employed as a chemist by the
Tarrant County Medical Examiner=s Office.  She proved up her end
of the chain of custody and testified that the substance taken from appellant
was 11.51 grams of methamphetamine.  








The State=s fourth witness was Rodney Price, a Mineral
Wells police officer who was assigned to the Cross Timbers Narcotics Task Force
as a field supervisor.  He testified as
an expert witness and said that a Aquarter gram@ of
methamphetamine would be the amount used in a day by the normal user and that
the normal user would purchase Ahalf a gram or less.@  Officer Price also expressed
the opinion that the purpose of someone Ahaving in their possession 11 grams or 11 and a half grams of methamphetamine@ would be for distribution, dealing, or
resale.  Officer Price also explained to
the jury that a person can illegally deliver narcotics even if it is not done
for profit, such as when boyfriends, girlfriends, husbands, wives, or buddies
give narcotics to each other.  Officer
Price also testified about the surveillance camera which was mounted on the
roof at appellant=s
residence and which was hooked up to a monitor in the master bedroom.  Officer Price also said that people who
possess drugs for the purpose of selling the drugs use those cameras and
monitors to see who is coming to and from the house.  That gives them an early warning so that they can get rid of the
drugs.  Officer Price said that the drug
addict does not use the cameras and monitors. 
During cross-examination, Officer Price agreed that the officers did not
find any large amounts of cash on appellant or in his residence and that they
did not find any scales or plastic bags. 

At this
time, the trial court asked the jury to step outside the courtroom, and the
reporter=s record shows the trial court=s ruling on appellant=s motion in limine.  Relevant portions read as shown:

THE COURT:
During the presentation of the State=s case, the Court has been continuing to analyze and make the balancing
test that is required before making a ruling on the extraneous conduct.  The State has reached the part in their case
where they would present those matters that were referenced earlier in this
hearing.

 

And the
Court is going to find that although those - - the conduct that the State has
indicated is relevant to the issue that is before the jury, that in view of
other evidence that is in the record, specifically, the quantity of alleged
controlled substances, the opinion testimony of the officer or officers, as
well as the surveillance camera and other conclusions or implications that that
might have, that the State has other evidence that is, at least, probative and
arguable to present to the jury on the issue of the intent to distribute or
deliver.  And so I=ll not allow the State to introduce the 404
(b) subject matter to make an effort to further prove the intent of the
defendant.

 

I=ll just find that the - - although it has
high probative value, that the prejudicial effect to the defendant would
outweigh that in the balance of the status of this record. 

 

When the jury returned to
the courtroom, both sides rested and closed.

                                                                This
Court=s Ruling








The issue
presented for appellate review is overruled. 
We agree with the trial court that the State did not need the extraneous
offense testimony because the other evidence was sufficient to support the jury=s finding that appellant had the Aintent to deliver@ the cocaine which he possessed. The evidence
is Alegally@ sufficient under the test stated in Jackson v. Virginia, 443 U.S. 307
(1979).  The evidence is Afactually@ sufficient under the tests stated in Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997), and Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  The jury=s finding that appellant was guilty of possessing the controlled
substance Awith intent to deliver@ is not so contrary to the weight of the
evidence as to be Aclearly
wrong and unjust.@  Cain v. State, supra at 407; Clewis v.
State, supra at 129.

The
judgment of the trial court is affirmed. 

 

BOB
DICKENSON

SENIOR
JUSTICE

November 21, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[2]











[1]See United States v. Maxwell, 34 F.3d 1006 (11th Cir.
1994); see also United States v. Beechum, 582 F.2d 898 (5th Cir. 1978), cert.
den=d, 440 U.S.
920 (1979).





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.